J-S90036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCUS JOHNSON | |
| Appellant | No. 3759 EDA 2015 |

Appeal from the PCRA Order November 17, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000576-1999
CP-23-CR-0006098-1998
CP-23-CR-0007000-1998
CP-23-CR-0007001-1998

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED DECEMBER 12, 2016**

Appellant Marcus Johnson appeals from the order of the Delaware County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  After careful review, we affirm.

This matter stems from armed robberies committed in Upper Darby and Yeadon in Delaware County in September and October of 1998.  The PCRA court outlined the pertinent procedural history as follows:

> [Appellant], Marcus Johnson, was convicted of four counts of [r]obbery, two counts of [f]irearms [n]ot to be [c]arried [w]ithout a [l]icense, and [c]riminal [c]onspiracy to [c]ommit [r]obbery.  The jury found [Appellant] guilty of robbing one Wawa in Upper Darby Township as well as another Wawa in the Borough of Yeadon three separate times.  All four robberies occurred with the assistance of a firearm.  On May 2, 2000,

following the trial, he was sentenced to an aggregate prison sentence [that] totaled 30 to 70 years.

During the trial, the Commonwealth presented ample evidence that left no doubt [Appellant] committed the robberies. Video surveillance at both stores produced evidence of the perpetrator for each of the robberies. Also, victims of each of the robberies positively identified [Appellant] as the perpetrator of the robberies both in a photo array and at his preliminary hearing. [Appellant] questions most of this evidence and testimony in various appeals and [PCRA] motions.

After [Appellant's] sentence in May of 2000, he filed a timely appeal [and complied] with [Pa.R.A.P.] 1925(b). Here, [Appellant] argued a new trial should be granted because the court admitted a statement [Appellant] made to a police detective stating he would alter his physical appearance before trial. The Superior Court affirmed [Appellant's] [j]udgment of [s]entence of thirty to seventy years in a [m]emorandum [o]pinion on August 29, 2001[,] reasoning that there was no error in admitting the statement and, even if there was, it was harmless.

On September 20, 2001, [Appellant] filed his first timely post-conviction collateral relief petition. After obtaining additional time to obtain and review testimony, defense counsel filed a "no merit" letter in accordance with the requirements of **Pennsylvania v. Finley**, 481 U.S. 551 (1987) and **Commonwealth v. Turner**, [] 544 A.2d 927 ([Pa.]1988). Subsequently, [Appellant] filed an objection to the **Finley** letter. On April 19, 2002, the PCRA court issued a "Notice of Intent to Dismiss Post Conviction Relief Act Petition Without Hearing," and gave notice to [Appellant] that he had twenty (20) days to respond, or his PCRA petition would be dismissed. Since [Appellant] failed to respond to [] PCRA counsel's notice, on May 24, 2002[,] the PCRA petition was dismissed.

[Appellant] filed a timely appeal [of] the dismissal of his PCRA petition, to which on September 26, 2002[,] the PCRA [court] issued an opinion addressing the five issues from [Appellant's] original *pro se* petition. On October 7, 2002, the Superior Court denied [Appellant's] application for appointment of appellate counsel and subsequently affirmed the denial of [Appellant's] PCRA petition in a [m]emorandum [o]pinion on June 30, 2003.

- 2 -

As a result of [Appellant's] federal habeas litigation in 2006, United States Magistrate Judge Timothy R. Rice issued a 16-page Report and Recommendation and [the] Honorable Stewart J. Dalzell issued a 22-page [o]rder that approved the Report and Recommendation. Judge Dalzell acknowledged the wealth of evidence the trial court used to convict [Appellant], including videotapes of the robberies as well as positive identification by the victims before and during trial.

In October 2009, Kevin Powell, another state inmate, approached [Appellant] and supposedly admitted to participating in an armed robbery that [Appellant] had been convicted of. Mr. Powell authored an affidavit that was mailed to [Appellant's] attorney. Subsequently, [Appellant] filed a PCRA petition based on this new evidence. On April 15, 2011, Judge Ann Osborne held a PCRA evidentiary hearing where she heard testimony from both Mr. Powell and [Appellant]. On December 19, 2011[,] the petition was dismissed after the court determined the newly discovered evidence would not affect the trial verdict. In fact, Judge Osborne noted, "The testimony of both [Appellant] and Powell completely lacked credibility." This decision was appealed.

On November 9, 2012, the decision of Judge Osborne was affirmed by the Superior Court in a [m]emorandum [o]pinion. The Superior Court held that the PCRA petition did not warrant relief, despite the acknowledged discrepancies in the initial physical descriptions of the perpetrator in one of the robberies and [Appellant's] physical description. In a petition for [f]ederal [h]abeas [corpus] relief, [Appellant] also claimed the Commonwealth perpetrated a fraud on the court based on a comment the prosecutor made during closing arguments regarding the amount of evidence used during trial to convict [Appellant], including the grainy videotape. On June 17, 2013, Federal Judge Dalzell entered an [o]rder, which rejected [Appellant's] assertions of fraud and denied the request for habeas relief.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed June 30, 2016, pp. 1-4 (internal record citations omitted).

Appellant filed the instant PCRA petition, his third, on September 19, 2013. Appellant filed an amended petition on December 12, 2014, and a

motion for discovery on February 2, 2015. On October 13, 2015, the PCRA court ordered the Commonwealth to file an answer to the amended PCRA petition and motion for discovery within 30 days, which the Commonwealth accordingly did on November 16, 2015. On November 17, 2015, the PCRA court dismissed the PCRA petition.[1] Appellant filed his notice of appeal on December 16, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Did the PCRA [c]ourt err and violate Appellant's Sixth and Fourteenth Amendment rights by finding that his PCRA petition was untimely and not subject to one or more of the statutory exceptions to the one[-]year jurisdictional time bar [where] this incorrect ruling precluded the PCRA [c]ourt from granting discovery, conducting an evidentiary hearing and/or addressing the merits of the petition[?]

Appellant's Brief, p. 3.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the

---

[1] The PCRA court dockets do not reflect that the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. Although a failure to file a Rule 907 notice may afford an appellant relief at times, because Appellant's petition is untimely as discussed *infra*, we will overlook the PCRA court's procedural error.

certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition, as a petition's timeliness implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012) ("Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition"). "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." ***Hernandez***, 79 A.3d at 651 (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition are met. ***Hernandez***, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008). Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted). Further, in the absence of one of the enumerated exceptions, a PCRA court lacks authority to extend the PCRA's filing period. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa.1999); *see also Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011) ("[To] accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar").

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or

subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa.Super.1995).

Here, the trial court sentenced Appellant on May 2, 2000. This Court affirmed Appellant's judgment of sentence on August 29, 2001. Appellant did not file a petition for allocatur to our Supreme Court. Therefore, his judgment of sentence became final on September 28, 2001. ***See*** 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant had until September 30, 2002[2] to timely file a PCRA petition.

Appellant filed the instant PCRA petition, his third, on September 19, 2013, nearly twelve years after his judgment of sentence became final. Accordingly, Appellant's petition is facially untimely. Thus, he must plead

---

[2] The one-year anniversary of the finalization of Appellant's judgment of sentence fell on Saturday, September 28, 2002. Accordingly, Appellant had until Monday, September 30, 2002 to timely file a PCRA petition. ***See*** 1 Pa.C.S. 1908.

and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To overcome the PCRA's time bar, Appellant argues that new evidence exists that entitles him to a time-bar exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). Appellant alleges that the discovery that witness Jackie Hayes had spoken with police after the crimes and also with a composite sketch artist, and that police had told a second witness, Lakeisha Robinson, that they "had their man" before her identification of Appellant, amounted to the discovery of new evidence and a **Brady** violation[3] by police that warrants PCRA relief. **See** Appellant's Brief, pp. 10-25. We do not agree.

This Court has explained the newly discovered evidence exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

---

[3] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that a due process violation occurs when the state suppresses or fails to disclose material exculpatory evidence).

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super.2015) (internal

citations omitted). Further,

> [a]fter-discovered evidence is the basis for a new trial when it:
> 1) has been discovered after the trial and could not have been
> obtained at or prior to the conclusion of trial by the exercise of
> reasonable diligence; 2) is not merely corroborative or
> cumulative; 3) will not be used solely for impeaching the
> credibility of a witness; and 4) is of such nature and character
> that a new verdict will likely result if a new trial is granted.
> Further, the proposed new evidence must be producible and
> admissible.

*Commonwealth v. Chamberlain*, 30 A.3d 381, 414 (Pa.2011) (internal

quotations and citations omitted).

Appellant maintains he is entitled to the section 9545(b)(1)(ii) PCRA

timeliness exception because he filed his PCRA petition within 60 days of

receiving an investigative report alleging that Hayes gave a statement to

police and spoke with a sketch artist.[4] However, both Hayes and Robinson

testified at Appellant's pre-trial hearing and trial, and both were subject to

cross-examination by Appellant. Appellant's petition does not explain, as it

must, why he waited 15 years to contact these witnesses and question them

---

[4] Appellant further alleges he filed an amended PCRA petition with 60 days
of receiving the investigator's report containing Ms. Robinson's allegation
that police told her they had their man prior to her identification of
Appellant.

further.[5]  Failing to speak with known, available witnesses for 15 years does not amount to reasonable diligence on Appellant's part.[6]

Further, both witnesses' allegations would be merely cumulative of Appellant's cross-examination at trial and/or could be used merely to impeach the witnesses.

For these reasons, Appellant's claims remain time-barred and the trial court did not err in dismissing Appellant's PCRA petition as untimely. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016

_____

[5] We note that Appellant prosecuted two other PCRA petitions during the intervening period without contacting these witnesses or raising these claims.

[6] Likewise, while **Brady** violations may fall within the governmental interference exception of section 9545(b)(1)(i), Appellant's claimed **Brady** violations did not occasion his interview of the witnesses and, even if true, do not explain his lack of diligence in contacting these witnesses.